JOURNAL ENTRY AND OPINION
An appeal from an order of Judge Timothy J. McGinty. Appellant Robert G. Beatty claims it was an abuse of discretion to deny his motion to vacate his guilty plea and set aside his conviction. He contends it was error to find that his motion was time barred and, because his 1981 plea was not voluntary, it is a manifest injustice to permit it to stand because it has subjected him to an additional thirty-year enhanced sentence for a felony conviction under Indiana law. For the following reasons, we affirm.
On August 10, 1981, Beatty was indicted on three counts of felonious assault, in violation of R.C. 2903.11, and one count of vandalism, in violation of R.C. 2909.05. On October 28, 1981, he withdrew his plea of not guilty on all counts and entered pleas of guilty to aggravated assault, R.C. 2913.12, on the first three counts and guilty to the vandalism count. The transcript of that hearing reveals that Beatty's lawyer and the late Judge Lloyd Brown informed him of certain rights, but he was not informed of the maximum penalty for the offenses as required under Crim.R. 11(C)(2).
At a hearing on January 21, 1982, Beatty was sentenced to concurrent terms of one to five years in prison on the three counts of aggravated assault, but the sentence was suspended, and he was placed on two years probation and ordered to pay court costs and restitution. He was not given any sentence on the vandalism count.
On October 13, 1988, a jury in the Pulaski Circuit Court, Pulaski County, Indiana, found Beatty guilty of Dealing in Marijuana over Ten Pounds, a felony offense and, because he had been convicted for two prior unrelated felony offenses, he was found to be an Habitual Offender under Ind. Code § 35-50-27-8(a).[1] He was sentenced to thirty years of imprisonment, consecutive to an eight-year sentence for dealing in marijuana.
On July 21, 1991, nine years after the entry of his plea sub judice, this court denied Beatty's motion for leave to file a delayed appeal, request for assignment of counsel, and request for transcript at state expense. State v. Beatty (July 20, 1991), Cuyahoga App. No. 62050, unreported (no opinion).
On March 23, 1998, approximately sixteen years after his guilty plea, Beatty, through counsel, filed a Motion to Vacate Guilty Plea and Set Aside Conviction which was denied by Judge McGinty on October 5, 1998. Beatty appealed that decision to this court in Case No. 75402 and on January 8, 1999, we granted the State's motion to dismiss on the basis that the judge failed to issue findings of fact and conclusions of law.
On January 15, 1999, the judge issued his findings of fact and conclusions of law and concluded that the motion for post-conviction relief was not filed before September 23, 1996 and, therefore, was untimely pursuant to R.C. 2953.21. The judge also concluded that Beatty did not make the required showings under R.C. 2953.23(A) to entitle him to relief.
In his single assignment of error, Beatty asserts:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE GUILTY PLEA AND SET ASIDE CONVICTION, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
Beatty contends he is not seeking post-conviction relief under R.C.2953.21, but that relief provided by Crim.R. 32.1, which allows a judge to set aside a guilty plea after sentencing to correct manifest injustice and which contains no time constraint. He submits that manifest injustice is evident because Judge Brown did not substantially comply with Crim.R. 11 when he failed to inform Beatty that he faced a maximum of five years incarceration on each count of aggravated assault as well as the possibility of a fine and restitution. Beatty asserts that, had he known the maximum sentence, he would not have pleaded guilty to the charges and as a result, he did not make a knowing, intelligent, and voluntary plea. Moreover, he claims, failure to comply with Crim.R. 11 resulted in extreme prejudice because, based on this conviction, he later received an enhanced sentence under an Indiana habitual offender statute for a 1988 felony offense in that state.
The State counters that, regardless of the reason behind the judge's decision, this court should affirm the order denying Beatty's motion because even if Judge Brown did not substantially comply with Crim.R. 11, Beatty is constrained from showing manifest injustice because he would have made the same plea had there been strict compliance. The State also asserts that the equitable doctrine of laches prevents Beatty from attempting to set aside a guilty plea seventeen years after it was made.
We conclude that the decision denying the motion is legally correct, but upon grounds other than those set forth in the judge's January 15, 1999 order. Courts have noted the similar aspects of a request for post-conviction relief and request to withdraw a guilty plea pursuant to Crim.R. 32.1, but they have not applied the time constraints of R.C.2953.21 and R.C. 2953.23 to a Crim.R. 32.1 motion as the judge did in Beatty's case. See, e.g., State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported.[2] It is axiomatic, however, that a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof. Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, citing Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 663; State v. Payton (1997),124 Ohio App.3d 552, 557, 706 N.E.2d 842, appeal not allowed (1998),81 Ohio St.3d 1511, 692 N.E.2d 617 (when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial). Based upon the following, we conclude that, even if the time constraints for bringing a petition for post-conviction relief do not apply to the facts of this case, the decision must be affirmed because Beatty is not entitled to relief under Crim.R. 32.1.
Crim.R. 32.1 allows a judge to set aside a judgment of conviction and permit a defendant to withdraw his plea to correct manifest injustice. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. When considering a motion to withdraw a guilty plea pursuant to Crim.R. 32.1, the judge resolves issues of good faith, credibility, and weight of the defendant's assertions within his sound discretion. Id., paragraph two of the syllabus.
Beatty argues his plea was not knowing, intelligent, or voluntary and, as such, did not comply with the constitutional requirements of both the United States and Ohio Constitutions. Crim.R. 11(C) provides procedural constitutional safeguards, but a defendant's knowledge of the maximum and minimum sentences is not constitutionally required. State v. Johnson (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295. While [l]iteral compliance with Crim.R. 11 is the preferred practice[,] * * * the fact that the trial court did not strictly comply with Crim.R. 11 does not compel vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. State v. Shields (1997), 119 Ohio App.3d 807, 811, 696 N.E.2d 614.
 Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. [State v. Stewart (1977), 51 Ohio St.2d 86, 92-93, 5 O.O.3d 52, 56, 364 N.E.2d 1163, 1167]; State v. Carter(1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Id.
State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Smith, 49 Ohio St.2d 261, paragraph three of the syllabus.
In the instant case, sixteen years passed between the date of Beatty's sentencing, January 21, 1982, where he allegedly first learned of the five-year maximum sentence, and his March 23, 1998 request to withdraw his guilty plea. While we decline to apply, as the State requests, the equitable doctrine of laches to bar Beatty's claim,[3] we note that this time lapse, in and of itself, casts serious doubt on Beatty's contention that he would not have pled guilty had he known of the maximum sentence. See Smith, 49 Ohio St.2d at 264-265 n. 3. Moreover, while Beatty points to the thirty-year sentence enhancement on his 1988 Indiana felony conviction as proof of prejudicial error, such prejudice is a collateral consequence of the entry of the 1981 guilty pleas. Cf. State v. Moore (Aug. 27, 1998), Cuyahoga App. No. 73899, unreported (judge is not required to inform an accused regarding collateral consequences of a plea which include possible outcomes that do not have an effect on the sentence at the time that judge accepts the plea); In re Spann (June 3, 1999), Franklin App. No. 98AP-839, unreported (possible enhancing effects of guilty plea on any subsequent sentence are collateral consequences of the conviction and, therefore, are not the type of consequence about which a judge must advise the defendant before the defendant enters a guilty plea).
At the time Beatty entered his guilty pleas on the aggravated assaults in Ohio he already had incurred prior felony convictions in Indiana for possession of hashish and possession of cocaine. It was foreseeable this conviction would subject him, upon commission of another subsequent felony in Indiana, to the sentence enhancement provisions of the Indiana Code.[4] Ind. Code 35-50-2-8(e). As such, any prejudice from the thirty-year sentence enhancement resulted at Beatty's own hand upon the commission of his 1988 Indiana felony conviction; the prejudice is not attributable to the entry of the 1981 guilty pleas. Thus, even though Beatty was not advised of the five-year maximum sentence at the time he entered the guilty pleas, we can only conclude that Beatty would have otherwise entered the pleas had the judge complied with Crim.R. 11(C)(2)(a). Nero, 56 Ohio St.3d at 108. Beatty's assignment of error is not well taken.
The judgment is affirmed.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCUR; JAMES D. SWEENEY, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] The Habitual Offender indictment identified a March 23, 1981, conviction for Possession of Cocaine and Possession of Hashish, felony offenses, in Elkhart County, Indiana, in addition to the 1982 Ohio conviction.
[2] Cf. State v. Anderson (Nov. 20, 1998), Montgomery App. No. 17040, unreported (although we are not prepared * * * to hold that Anderson's motion to withdraw his plea is the legal or functional equivalent of a petition for post-conviction relief, we do hold that it is sufficiently similar to invoke the principle that Anderson must, as a condition precedent to obtaining the right to an evidentiary hearing, come forward with some evidence besides his own, self serving affidavit to support his claim.)
[3] The state cites State v. Warren (1997), 91 Ohio Misc.2d 8, 14-16 in support of its proposition that the equitable doctrine of laches acts as a bar to Beatty's request for relief. We choose not to apply it here because the doctrine focuses upon prejudice resulting to the state. Smith requires the courts to focus upon manifest injustice and Stewart requires the courts to focus upon prejudicial effect as they result to the defendant. Smith, 49 Ohio 2d 261, paragraphs one and three of the syllabus; Stewart, 51 Ohio St.2d at 93.
[4] Cf. State v. Soblotne (May 26, 1983), Cuyahoga App. No. 45645, unreported (Every person is responsible for knowledge of the law, and ignorance of the law is no excuse for one's failure to comply.).