The STATE of Ohio, Appellee,

v.

SHIELDS, Appellant.

[Cite as *State v. Shields* (1997), 119 Ohio App.3d 807.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 70682 and 70683.

Decided May 12, 1997.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *David Hildebrandt*, Assistant Prosecuting Attorney, for appellee.

*Stephen L. Miles*, for appellant.

---

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Charles Shields, defendant-appellant, appeals from his plea of guilty to the offenses of involuntary manslaughter, attempted murder and felonious assault. Defendant-appellant assigns one error for this court's review.

Defendant-appellant's appeal is well taken.

On July 18, 1991, defendant was indicted by the Cuyahoga County Grand Jury in case No. CR–268218 for the offense of felonious assault in violation of R.C. 2903.11. The indictment also contained a violence specification.

On October 28, 1991, defendant was again indicted by the Cuyahoga County Grand Jury in case No. CR–273460 for two counts of aggravated murder in violation of R.C. 2903.01, three counts of attempted murder in violation of R.C. 2903.02 and 2923.02, one count of aggravated robbery in violation of R.C. 2911.01, and one count of having a weapon while under a disability in violation of R.C. 2923.13. All counts contained a firearm specification.

On October 21, 1991, defendant was arraigned in case No. CR–268218, whereupon a plea of not guilty was entered to the indictment. Similarly, on October 31, 1991, defendant was arraigned in case No. CR–273460, whereupon he entered a plea of not guilty to all counts.

On April 7, 1992, defendant withdrew his pleas of not guilty and entered a plea of guilty to felonious assault as charged in the indictment in case No. CR–268218. In case No. CR–273460, defendant entered a plea of guilty to an amended Count One of involuntary manslaughter in violation of R.C. 2903.04(A) and two counts of attempted murder amended to delete the underlying firearm specification. The remaining Counts Two, Five, Six, and Seven were nolled by the trial court.

During the plea hearing, the trial court engaged in a dialogue with defense counsel and the prosecutor regarding the proposed plea bargain, the potential sentences involved, and that defendant had agreed to concurrent sentences on all counts plus three years for the gun specification. This dialogue took place on the record in the presence of defendant.

The trial court then addressed defendant regarding his constitutional right to a trial by a judge or jury, the right to have both cases tried separately, the right to confront and cross-examine witnesses against him, and the right to subpoena witnesses in his own behalf. The trial court also discussed the maximum possible sentences if defendant were to be convicted of the original charges as indicted after a trial. The trial court then set forth the actual sentence to be imposed, stating that defendant "would be serving ten years mandatory, actual incarceration to a maximum of twenty-five years" and that the sentences in the two cases would be served concurrently. Defendant stated that he understood.

Immediately following the plea hearing, the trial court sentenced defendant to the agreed sentence of seven to twenty-five years for each count as amended in case No. CR–273460 plus an additional three years for the firearm specification contained in the involuntary manslaughter count. The seven-to-twenty-five-year terms were to be served concurrently. In case No. CR–268218, the trial court

sentenced defendant to a concurrent seven-to-fifteen-year term of incarceration on the felonious assault charge.

Defendant now brings a delayed appeal from the April 7, 1992 judgment of the trial court.

Defendant's sole assignment of error states:

"The trial court erred in accepting a plea of guilty from the appellant when the appellant was not fully informed as to all the consequences of said plea pursuant to Crim.R. 11(C)(2), and the court failed to properly investigate whether the plea of guilty was given knowingly, intelligently and voluntarily."

Defendant argues that the trial court failed to comply with the mandatory requirements of Crim.R. 11 in accepting his plea of guilty to the offenses of involuntary manslaughter, attempted murder, and felonious assault. Specifically, defendant maintains that the trial court failed to properly expound upon the state's burden of proof in a criminal case, failed to explain his right against self-incrimination, and failed to properly define the term "actual incarceration." Defendant maintains further that the trial court failed to inquire into his age and educational background and to determine whether he was under the influence of drugs and/or alcohol at the time of the plea hearing. It is defendant's position that the trial court's failure to comply with these requirements of Crim.R. 11 invalidates the underlying guilty plea.

Crim. R. 11(C), which deals with a trial court's acceptance of a plea of guilty to a felony offense, provides:

"(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right.

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state

to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

■ In order to comply with Crim.R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of his plea of guilty. Such a determination is made through an oral dialogue between the trial court and the defendant who is entering the plea of guilty. "Adherence to the provisions of Crim.R. 11(C)(2) requires an *oral dialogue between the trial court and the defendant which enables the court to determine* fully the *defendant's understanding of the consequences of his plea* of guilty or no contest." (Emphasis added.) *State v. Caudill* (1976), 48 Ohio St.2d 342, 2 O.O.3d 467, 358 N.E.2d 601, paragraph two of the syllabus.

■ In addition, the Supreme Court of Ohio has established that a trial court in accepting a plea of guilty need only substantially comply with the mandates of Crim.R. 11(C). *State v. Stewart* (1977), 51 Ohio St.2d 86, 92, 5 O.O.3d 52, 55–56, 364 N.E.2d 1163, 1166–1167.

Literal compliance with Crim.R. 11 is the preferred practice. However, the fact that the trial court did not strictly comply with Crim.R. 11 does not compel vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. In *Nero,* the Ohio Supreme Court stated:

■ "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *Stewart, supra; State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953 [100 S.Ct. 1605, 63 L.Ed.2d 789]. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart, supra* [51 Ohio St.2d], at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made." *Id.* at 108, 564 N.E.2d at 476.

In this case, a review of the transcript reveals the following exchange between the trial court and defendant pertaining to defendant's constitutional rights in case No. CR–273460:

"THE COURT: Now, if you plead guilty, you are giving up your right to a trial before a jury, in the case that I just was talking about now, the murder case. You would also be entitled to a separate trial on the other charge of felonious assault that Mr. Triozzi had represented you on; do you understand?

"MR. SHIELDS: Yes.

"THE COURT: You would be entitled to separate juries, or if you waived a jury, before a Judge, or Judges.

"Is this a three-Judge panel—

"MR. GRAYS: No.

"THE COURT: It would not be?

"You could, if you waived a jury, have the case tried before a Judge. That would be your right; do you understand that?

"MR. SHIELDS: Yes.

"THE COURT: Now, if you plead guilty, you would be giving up your right then to have your case presented to a jury, or a Judge. You would have been giving up your right to—if you plead guilty—to have your attorneys cross-examine every witness whom the State would put on the stand.

"You would also be giving up your right to call your own witnesses into the trial; either having them come to trial voluntarily, or by having your attorneys subpoena them or issue a subpoena so that they must be present at the time of trial. These would be your witnesses; do you understand that?

"MR. SHIELDS: Yes.

"THE COURT: You would be giving up that right, if you plead guilty.

"Okay. All right. Now, you understand here that the Court will pass sentence, as recommended by the State of Ohio, through the Prosecutor's Office. So if you plead guilty, the Court will impose a sentence of seven to twenty-five years actual incarceration; in addition to that, you would be serving three years for the possession of the firearm. So you would be serving ten years of mandatory, actual incarceration to a maximum of 25 years?

"MR. SHIELDS: Yes."

Similarly, the transcript demonstrates the following discussion relating to case No. CR–268218:

"Now, going to the companion case, then, as I pointed out, you would be giving up your same rights: The right to cross-examine through your attorney; the right to a trial before a separate jury or a Judge; the right to call your own witnesses; the right to subpoena reluctant, defense witnesses.

"Now, on this April 29th, 1991 offense of felonious assault, do you wish to plead guilty and withdraw your plea of not guilty?

"MR. SHIELDS: Yes. Guilty."

■ Clearly, the trial court did inform defendant regarding the actual time that he was required to serve pursuant to the plea agreement, as did defense

counsel and the prosecuting attorney. However, the record demonstrates that defendant was not fully informed of the constitutional implications of entering a guilty plea to the amended offenses, since the trial court failed to advise defendant that he was waiving his constitutional right against self-incrimination. *Parma v. Peyatt* (Apr. 25, 1996), Cuyahoga App. No. 68997, unreported, 1996 WL 199843.

In *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, the Ohio Supreme Court determined that the right to compulsory process, along with the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers, is a constitutional right of which a defendant must be informed by the trial court. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; see, also, *State v. Anderson* (1995), 108 Ohio App.3d 5, 8, 669 N.E.2d 865, 867; *State v. Thomas* (1990), 67 Ohio App.3d 127, 131–132, 586 N.E.2d 198, 200–202.

Here, the trial court did describe a broad range of constitutional rights subject to waiver as a result of the guilty plea, including the right to compulsory process, the right to a jury trial, and the right to confront one's accusers. However, the trial court failed to mention defendant's Fifth Amendment right against self-incrimination. As this court noted in *Parma v. Peyatt, supra:*

"Without alluding to the Fifth Amendment waiver, however briefly and however phrased, it cannot be said that the court substantially complied with Crim.R. 11."

Accordingly, this court is left with no alternative but to vacate defendant's guilty pleas and remand this case to the trial court for further proceedings consistent with this opinion.

Defendant's sole assignment of error is well taken.

The judgment of the trial court is reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

DAVID T. MATIA, P.J., PORTER and ABOOD, JJ., concur.

CHARLES D. ABOOD, J., retired of the Sixth Appellate District, sitting by assignment.