In this appeal, defendant Marlo Linen challenges his guilty plea to eleven charges and a sexually violent predator specification. Defendant asserts, inter alia, that the plea was not knowingly, voluntarily and intelligently entered. For the reasons set forth below, we affirm.
On February 24, 1997, defendant was indicted for sixteen offenses in case no. 347886. Eight of these charges contained sexually violent predator specifications. On March 24, 1997, defendant was indicted for six offenses in Case No. 348968.[1]
One of these charges contained a sexually violent predator specification. The charges arose in connection with a series of incidents during which defendant allegedly stalked and sexually assaulted young female students at RTA bus stops.
Defendant pleaded not guilty in both matters. Thereafter, on September 3, 1997, the state and defendant entered into a plea agreement concerning both matters. Pursuant to this agreement, defendant pleaded guilty to seven counts of gross sexual imposition, two counts of abduction, one count of kidnapping, and one count of stalking. Defendant also pleaded guilty to two of the sexually violent predator specifications.
In relevant part, the record of the plea proceeding provides as follows:
MR. MULLIN: Thank you, your Honor. * * *
 Judge, I would just like to clarify that it is our agreement that Mr. Linen do the combined five to life, and that the other aggregate sums do not go over that five-year minimum, but are to be run concurrent.
 THE COURT: Does that correctly encapsule the agreement in this matter?
 MR. MULLIN: Yes, your Honor. The maximum sentence as agreed would be five to life, and whatever sentence the Court chooses to impose on the other counts will be run concurrent with that.
 THE COURT: Moreover, there is a finding — there is an agreement as to finding as to sexual predator, is that correct?
MR. MULLIN: That's correct, your Honor.
 MS. WHITE: Actually, your Honor, if I may, and I apologize; the sexual violent predator specification, by entering a plea of guilty to that specification, it automatically classifies the defendant as a sexual predator.
 THE COURT: Do you understand finally, sir, that by the acceptance of certain of these pleas, you will become, under the law, a sexual predator, which will require you to register in certain ways that will be explained to you? Do you understand that, sir? May I see counsel at side bar for a moment?
(Thereupon, proceedings occurred at side bar off the record)
 THE COURT: All right. Let the record reflect there were side bar conversations under Criminal Rule 11 and HB 180 legislation, and on concurrence of the Court and counsel, that these matters have been sufficiently established on the record to advise the defendant of his rights and duties under the — both the criminal rule and the new legislation.
 Mr. Linen, I'm going to ask you, sir, how do you plead as relates to Criminal Docket 347886, that you did commit the offense of gross sexual imposition in violation of Ohio Revised Code Section 2907.05 as charged in count three of the indictment, in 347886, guilty or not guilty, sir, as to felony of the fourth degree; guilty or not guilty?
THE DEFENDANT: Guilty, your Honor.
(Tr. 10-16).
Defendant was eventually sentenced to a term of incarceration of five years to life. He now appeals and assigns three errors for our review.
Defendant's first and second assignment of errors share a common basis in law and the record and provide as follows:
 THE TRIAL COURT ERRED BY FAILING TO SUBSTANTIALLY COMPLY WITH THE RULES OF CRIMINAL PROCEDURE AND THE CONSTITUTION WHEN IT ACCEPTED LINEN'S GUILTY PLEA BECAUSE IT DID NOT DETERMINE IF LINEN UNDERSTOOD THE SPECIFIC EFFECT OF HIS CLASSIFICATION AS A SEXUAL PREDATOR.
 THE TRIAL COURT DID NOT SUBSTANTIALLY COMPLY WITH THE RULES OF CRIMINAL PROCEDURE WHEN IT ACCEPTED DEFENDANT'S GUILTY PLEA EVEN THOUGH LINEN DID NOT UTTER RESPONSES TO ILLUSTRATE THAT HE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED HIS CONSTITUTIONAL RIGHTS.
Herein, defendant maintains that in taking the guilty plea, the trial court failed to "inform Linen about the nature of his classification as a sexual predator and to test his understanding of the lifelong penalty attendant to one's registration as a sexual predator."
Guilty pleas are governed by Crim.R. 11, which provides in relevant part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
Thus, it is clear that the court must satisfy itself that the defendant knows the maximum penalty applicable to the offense involved. State v. Gibson (1986), 34 Ohio App.3d 146, 147.
As to the manner in which the plea proceeding is to be held, this court in State v. Shields (1997), 119 Ohio App.3d 807, 811, stated as follows:
 In order to comply with Crim.R. 11 (C), a trial court must determine whether the defendant fully comprehends the consequences of his plea of guilty. Such a determination is made through an oral dialogue between the trial court and the defendant who is entering the plea of guilty. "Adherence to the provisions of Crim.R. 11 (C) (2) requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest." (Emphasis added.) State v. Caudill (1976), 48 Ohio St.2d 342, 2 O.O.3d 467, 358 N.E.2d 601, paragraph two of the syllabus.
Moreover, the record must demonstrate compliance with the provisions of the rule. See State v. Elliot (1993), 86 Ohio App.3d 792,797. That is, the trial court should develop a record. McCarthy v. United States (1969), 394 U.S. 459, 466.
In determining whether the trial court has satisfied its duties, reviewing courts consider whether any omitted information is a constitutionally protected or non-constitutionally protected right. See State v. Sims (May 24, 1995), Summit App. Nos. 16841, 16936, unreported; State v. Gibson (1986), 34 Ohio App.3d 146,147. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if it engages in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus.
The constitutional rights include the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront accusers. Boykin v. Alabama (1969),395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
Thus, advising the defendant of the maximum penalty involved is not a constitutional matter. Cf. Boykin, supra; State v. McQueen
(May 8, 1997), Cuyahoga App. No. 71457, unreported.
Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11 (C) (2) and the defendant subjectively understood the implications of his plea and the nature of the rights he is waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108. The court may properly determine that the defendant understood those other matters from the totality of the circumstances, without informing him directly. State v. Stewart (1977), 51 Ohio St.2d 86, 92.
In determining whether the defendant understood the information given him, the Supreme Court has observed that there is no easy or exact way to determine what someone subjectively understands.State v. Carter (1979), 60 Ohio St.2d 34, 38; accord State v.Flint (1986), 36 Ohio App.3d 4, 4[5]. The Carter court stated:
 If the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether defendant had the required information] we look at all the particular facts and circumstances surrounding the case.
Finally, we note that conviction of a sexually violent predator specification results in various reporting and registration requirements. R.C. Chapter 2950. In addition, it enhances the sentence for the underlying crime as R.C. 2971.03 provides for an "indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense * * *."
Examining the reporting and registration requirements first, we note that this court has determined that the registration and reporting requirements of R.C. Chapter 2950, considered with reference to offenders who have subsequently been adjudicated to be sexual predators, are not punitive and are therefore not part of the penalty. See, e.g., State v. Hogan (March 18, 1999), Cuyahoga App. No. 73228, unreported. This court has therefore refused to recognize error where a defendant has entered a guilty plea to a sexually oriented offense and is later determined to be a sexual predator who is subject to the registration and reporting requirements of R.C. Chapter 2950. Id.; Accord State v.Ward (January 28, 1999), ___ Ohio App.3d ___, Cuyahoga App. No. 72371, unreported ("the consequences of the [sexual predator laws] were remedial, not criminal in nature; hence they were truly collateral to the underlying criminal offense as they imposed no further penalty on defendant" and the trial court's failure to inform the defendant of these consequences did not nullify plea).
Examining the effect of the imposition of an indefinite term of incarceration, it is clear that such effect is determinative of punishment.
Applying the foregoing, we conclude that the overall effect of a conviction of a sexually violent predator specification clearly implicates non-constitutional rights. Accordingly, this court will consider whether the trial court substantially complied with Crim.R. 11 in advising defendant of the implications of conviction upon this specification. That is, this court may look to the totality of the circumstances to determine whether the defendant subjectively understood the implications of his plea and the nature of the rights he is waiving. State v. Nero, supra.
In this instance, the record reveals with regard to the registration and reporting requirements, that the trial court went off the record for a time. When the proceedings resumed, the court stated, without objection from defendant's trial counsel, that "on concurrence of the Court and counsel, that these matters have been sufficiently established on the record to advise the defendant of his rights and duties under the — both the criminal rule and the new legislation." Thus, despite the claim of defendant's appellate counsel that the court did not advise defendant of these rights, the recorded proceedings tend to indicate that these rights were discussed, albeit off the record. Obviously, the better practice is for a court which is accepting a guilty plea to a sexually violent predator specification to fully inform a defendant of his registration and reporting requirements on the record. A complete record removes all uncertainty and precludes subsequent attacks such as the one leveled herein. Nonetheless, we believe that the unique circumstances presented herein are sufficient to constitute substantial compliance since, considered separately, the registration and reporting requirements are non-punitive and the proceedings of record very strongly suggest that this information was provided to defendant during the off the record discussion.
Moreover, with respect to the imposition of an indefinite term of incarceration, the record demonstrates that the prosecuting attorney, defense counsel, and the trial court repeatedly informed defendant that he would receive an indefinite term of incarceration on the charge. Significantly, the following occurred:
 THE COURT: Do you understand that in particular, Mr. Linen, that if the Court accepts the pleas as it relates to counts twelve in criminal docket 347886, and count ten as it relates to that same case number, that you will, if the Court accepts the pleas as it relates to those counts, have a sentence imposed consecutively which will, in the aggregate, amount to five years to life imprisonment? Do you understand those penalties on those particular counts?
THE DEFENDANT: Yes, your Honor.
(Tr. 14).
We therefore conclude that the trial court substantially complied with Crim.R. 11 in accepting defendant's guilty plea.
Moreover, since defendant manifested his assent, and since defendant had previously been very forthright in asserting that he did not understand the meaning of concurrent terms, we will assume that defendant subjectively understood this information. Cf. State v. Carter, supra.
For the foregoing reasons, the first and second assignments of error are without merit.
Defendant's third assignment of error states:
 MARLO LINEN WAS PREJUDICIALLY DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.
Within this assignment of error, defendant asserts that his trial counsel was ineffective for failing to inform him of the meaning of the sexually violent predator specification and the meaning of concurrent terms of incarceration.
In establishing a claim of ineffective assistance of trial counsel, it is clear that a defendant must make a two-part showing:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland v. Washington (1986), 466 U.S. 668, 687. Accord Statev. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
Applying the foregoing to defendant's claims herein, we note as an initial matter, that counsel's advice to his client need not occur on the record. This court has determined that error does not occur when defendant needs more information during the plea proceedings, and the trial court goes off the record in order for defendant to consult with his attorney, whereupon the defendant then indicates on the record that he has obtained the necessary information. See State v. McQueen, supra.
We further note that we have determined that the trial court substantially complied with its duties in accepting defendant's guilty plea to the sexually violent predator specification, despite the fact that the trial court went off the record then stated on the record that the reporting and registration requirements were explained to defendant. In the absence of a finding of error, the claim that trial counsel ineffectively advised defendant of the import of a conviction for a sexually violent predator specification must fail. See State v. Henderson
(1988), 39 Ohio St.3d 24, 33.
As to defendant's claim that trial counsel was ineffective in failing to inform him of the meaning of concurrent terms of imprisonment, we note that the record indicates the following:
 THE COURT: All right. Mr. Linen, do you understand everything that everyone has said about this case in open court this afternoon, both in terms of what your lawyer has said, as well as by the assistant county prosecutor?
 THE DEFENDANT: Your Honor, I do not understand the concurrent terms.
 MR. MULLIN: If I may just have a moment, your Honor.
 THE COURT: You don't understand the concurrent?
 MR. MULLIN: If I may just have one quick moment.
THE COURT: Certainly.
MR. MULLIN: Thank you, your Honor.
 THE COURT: All right. Do you understand what we mean by concurrent now, sir?
THE DEFENDANT: Yes.
(Tr. 11).
By application of this court's pronouncements in State v.McQueen, supra, we find that counsel did not commit an error in failing to inform defendant of the meaning of concurrent terms of incarceration on the record. In the absence of an error, the claim of ineffective assistance premised upon this claim must fail.
The third assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., AND ROCCO, J., CONCUR.
 ________________ ANN DYKE, JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22 (B), 22 (D) and 26 (A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct. Prac. R. II, Section 2 (A) (1).
[1] See appendix.
 APPENDIX
Case no. 347886 Plea Agreement
1. Kidnapping Jane Doe I Dismissed
2. Abduction Jane Doe I Dismissed
3. Gross sexual imposition Guilty Jane Doe I
4. Attempted kidnapping Dismissed Jane Doe II
 Sexual motivation Dismissed specification
 Sexually violent predator Dismissed Specification
5. Kidnapping Jane Doe II Dismissed
 Sexual motivation Dismissed specification
 Sexually violent predator Dismissed specification
6. Abduction Jane Doe II Guilty
 Sexual motivation Dismissed Specification
7. Gross Sexual Imposition Guilty Jane Doe II
8. Gross Sexual Imposition Dismissed Jane Doe II
9. Attempted kidnapping Guilty to Abduction Jane Doe III
 Sexual motivation Dismissed specification
 Sexually violent predator Dismissed Specification
10. Kidnapping Jane Doe IV Guilty — 3 years to life (Child under 13)
Sexual motivation Guilty
 Sexually violent predator Guilty Specification
11. Attempted Rape Dismissed Jane Doe IV (Child under 13)
 Sexually violent predator Dismissed Specification
12. Gross sexual imposition Guilty — 2 years to life Jane Doe IV (Child under 13)
 Sexually violent predator Guilty Specification
13. Gross sexual imposition Dismissed Jane Doe IV (Child under 13)
 Sexually violent predator Dismissed Specification
14. Kidnapping Jane Doe V Dismissed
Sexual motivation Dismissed
 Sexually violent predator Dismissed Specification
15. Abduction Jane Doe V Dismissed
 Sexual motivation Dismissed Specification
16. Gross sexual imposition Guilty Jane Doe V
Case No. 348968 Plea Agreement
1. Abduction Jane Doe VI Dismissed
2. Abduction Jane Doe VI Dismissed
3. Gross sexual imposition Guilty Jane Doe VI
4. Gross sexual imposition Guilty Jane Doe VI
5. Attempted kidnapping Guilty to Stalking Jane Doe VII Sexual motivation Dismissed Specification
 Sexually violent predator Dismissed specification
6. Gross sexual imposition Guilty Jane Doe VII