Sheldon Robinson appeals from a judgment of the Euclid Municipal Court entered pursuant to his plea of no contest to one count each of theft, possession of criminal tools, possession of drug paraphernalia, and possession of drug abuse instruments, alleging the court erred when it accepted his plea and failed to comply with the provisions of Crim.R. 11 and R.C. 2937.07. We reject these contentions and, for the following reasons, affirm the judgment of conviction.
The record in this case reveals that on December 18, 1997, the court arraigned Robinson for counts of theft, possession of criminal tools, possession of drug paraphernalia, and possession of drug abuse instruments, following an incident in which he attempted to steal a tire from another vehicle. The transcript at pp. 4-5, reveals that at the beginning of the arraignment proceeding, the court explained the effect of a no contest plea as follows:
 * * * These are the pleas of guilty, not guilty, or no contest. And a word is in order to the meaning of these pleas.
* * *
 Should your plea be that of no contest, a no contest plea is accepted by the court as an indiccation that while you may admit to the statements contained in the face of the complaint, its also taken that you wish to have the opportunity to tell your story to the court. And have the court base its finding of guilty or not guilty based upon what you have to say along with what the officer has stated on the complaint.
 Now, there is an additional reason that a no contest plea is frequently used. Its a technical usage. This technicality being that a finding of guilty that follows a no contest plea cannot be used as an admission against your interest in a later civil case. Example of such usage would be such as an automobile accident or a type of damage or injury occurrence wherein its possible that you could be sued for dollars and cents damages in addition to responding to a particular charge that you are here on today.
When the court called Robinson's case, the court observed he had no counsel and advised him he had a right to a continuance to obtain counsel, but Robinson chose to waive his rights and proceed. The court then asked for Robinson's plea. The following colloquy then took place:
THE COURT: What would your plea be?
 THE WITNESS: No contest on the theft and not guilty, not guilty on the drug.
 THE COURT: You want to come back for trial. Well make it not guilty on all of them.
 THE WITNESS: All right. Your Honor, the detective told me to show you this.
 THE COURT: I don't care about that. Right now were not — we're — your plea is not guilty, right?
 THE WITNESS: It's no contest on the, on the theft. I plead guilty on the theft.
 THE COURT: You can change your plea later on. Right now lets make it all one plea. Make it much simpler.
THE WITNESS: No contest on everything.
THE COURT: You want no contest on everything?
THE WITNESS: I don't want to cause any problems.
 THE COURT: It's not a matter of causing problems. Im protecting your rights. You have the right to enter a not guilty plea if you so desire.
THE WITNESS: No contest.
THE COURT: Therefore, I accept your plea of no contest.
The court then reviewed a written waiver with Robinson, explained his rights and the sentences for each charge, and determined that Robinson understood the consequences of his plea and that he acted of his own free will. Robinson then admitted that he attempted to steal the tire because his vehicle had a flat, and also admitted that he had carried hypodermic syringes into the city of Euclid. At that point, the court accepted Robinson's pleas and imposed sentence.
Robinson now appeals and presents the following assignments of error for our consideration:
I.
 THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S NO CONTEST PLEA WITHOUT DETERMINING THAT THE PLEA WAS VOLUNTARILY AND KNOWINGLY MADE IN ACCORDANCE WITH CRIM. R. 11.
II.
 THE TRIAL COURT ERRED BY FAILING TO REQUIRE AN EXPLANATION OF CIRCUMSTANCES OF THE OFFENSE BEFORE CONVICTING THE APPELLANT.
Robinson claims that the trial court erred in accepting his no contest pleas, because he claims the court failed to determine he acted knowingly and voluntarily and that the court failed to obtain a factual recitation of the circumstances of the offense before it accepted his pleas. The city contends no error occurred in accepting Robinsons plea's, because the court substantially complied with Crim.R. 11.
The issue then presented for our review concerns whether the trial court erred in accepting Robinson's pleas of no contest.
In Boykin v. Alabama (1969), 395 U.S. 238, the Court held that a trial court, when accepting a plea, is obligated to determine that an accused is knowingly, intelligently, and voluntarily waiving his constitutional rights, specifically, the privilege against self-incrimination, the right to a trial by jury, and the right to confront accusers.
In State v. Stewart (1977), 51 Ohio St.2d 86, the Ohio Supreme Court determined that substantial compliance with Crim.R. 11 satisfies this constitutional requirement.
Crim.R. 11 states in part:
 (C) (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or community sanctions.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendants favor, and to require the state to prove the defendants guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
Further, R.C. 2937.07 provides:
* * *
 If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentencing accordingly. Such plea shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal.
In this case, Robinson argues the trial court failed to inquire into his mental state, his educational level, or any reasons which may have prevented him from understanding his rights before accepting his plea. However, examination of the record here demonstrates that Robinson chose to enter his plea of no contest without the assistance of counsel knowing he could be sentenced to jail for participating in these crimes. The transcript reflects the following at pp. 10-12:
 THE COURT: You are charged with four charges here. Theft charge is a misdemeanor in the first degree. This carries a potential sentence. It could be as much as six months and $1000 or both.
 Possession of criminal tools is a misdemeanor in the first degree, likewise carrying a potential sentence of six months and $1000 or both.
 The drug paraphernalia is a misdemeanor in the second degree carrying a potential sentence. It could be as much as 90 days and $750 or both.
 Possession of drug instruments is a misdemeanor in the second degree carrying a potential sentence. It could be as much as 90 days and $750 or both.
Do you understand the potential sentences?
THE WITNESS: Yes, sir.
 THE COURT: The waiver goes on to state that you further fully understand that I have the right to a continuance to obtain counsel and the right to counsel appointed by the court if in fact I am indigent.
Do you understand your right to have an attorney?
THE WITNESS: Yes, sir.
 THE COURT: From what you are telling me, do I understand correctly that you wish to proceed today without having a lawyer here with you?
THE WITNESS: Yes, sir.
 THE COURT: The waiver goes on to state that not withstanding my rights as aforesaid, I do voluntarily have a full understanding without any promise or coercion.
 Has anyone promised you anything or coerced you to sign this waiver?
THE WITNESS: No, sir.
 THE COURT: It says I waive my aforesaid rights and enter a plea of no contest.
THE WITNESS: Yes, sir.
 THE COURT: And by that plea of no contest that's an indication on your part that you are admitting to the statements contained on the face of the complaint, but you first wish to have the opportunity to tell me your story. Is that what you wish to do?
THE WITNESS: Yes, sir.
 THE COURT: Are you signing this waiver of your own free will?
THE WITNESS: Yes, I am.
The record suggests no educational, mental or other deficiency which interfered with Robinson's understanding of his constitutional rights or the nature of the court proceeding being conducted. Thereafter, prior to imposing sentence, the court heard Robinson admit to stealing the tire and carrying the hypodermic needles into the City of Euclid. These admissions provide the factual basis for the courts conviction.
The relevant inquiry remains whether or not the court substantially complied with Crim.R. 11. State v. Stewart, supra;State v. Nero (1990), 56 Ohio St.3d 106; State v. Shields (1997),119 Ohio App.3d 807; State v. Scott (1996), 113 Ohio App.3d 401. After a complete review of the record here and applicable case authority, we have concluded the trial court did substantially comply with Crim.R. 11 and R.C. 2937.07 and satisfied the requirements of Boykin v. Alabama and State v. Stewart, supra.
Accordingly, the assignments of error in this case are not well taken, and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Euclid Municipal Court to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE
 __________________________________ LEO M. SPELLACY, JUDGE
 _________________________________ ANNE L. KILBANE, JUDGE
N.E. This entry is an announcement of the courts decision. See App. R. 22 (B), 22 (D) and 26 (A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22 (E) unless a motion for reconsideration with supporting brief, per App. R. 26 (A), is filed within ten (10) days of the announcement of the courts decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this courts announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct. Prac. R. II, Section 2 (A) (a)