William James filed this delayed appeal from a judgment of the common pleas court entered pursuant to his plea of guilty to abduction and attempted robbery, alleging the court erred when it accepted his plea and failed to comply with the provisions of Crim.R. 11. We reject these contentions and, for the following reasons, affirm the judgment of conviction.
On January 17, 1996, the Cuyahoga County Grand Jury indicted James for kidnaping and aggravated robbery. On February 6, 1996, pursuant to a plea bargained agreement entered by and between him and his co-defendants and the state, James pled guilty to abduction and attempted robbery, and the court sentenced him to two concurrent terms of two to ten years incarceration on those charges.
On April 21, 1998, James filed this appeal in which he raises the following assignment of error for our consideration:
 THE TRIAL COURT ERRED WHEN IT FAILED TO DETERMINE WHETHER WILLIAM JAMES ENTERED HIS GUILTY PLEA KNOWINGLY AND VOLUNTARILY AND THEREBY VIOLATED HIS CONSTITUTIONAL RIGHTS UNDER FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
James urges that the trial court erred in accepting his guilty plea, because he claims the court failed to determine he acted knowingly and voluntarily. The state contends no error occurred in accepting the plea because the court substantially complied with Crim.R. 11.
The issue then presented for our review concerns whether the trial court erred in accepting James' guilty plea.
In Boykin v. Alabama(1969), 395 U.S. 238, the Court held that a trial court, when accepting a plea, is obligated to determine that an accused is knowingly, intelligently, and voluntarily waiving his constitutional rights, specifically, the privilege against self-incrimination, the right to a trial by jury, and the right to confront accusers.
In State v. Stewart(1977), 51 Ohio St.2d 86, the Ohio Supreme Court determined that substantial compliance with Crim.R. 11 satisfies this constitutional requirement.
Crim.R. 11 states in part:
* * *
 (C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or community sanctions.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
In this case, James argues the trial court failed to inquire into his mental state, his educational level, and any reasons which may have prevented him from understanding his rights before accepting his plea. In addition, James avers the court did not advise him that the court would appoint counsel for him if necessary, and did not properly explain the maximum penalty because he was never informed about consecutive sentences. However, James had counsel at the time of his plea, he did not receive a consecutive sentence, and the record amply demonstrates his plea-bargained arrangement was part of a plea involving three defendants, and that he acknowledged his understanding and voluntarily pled guilty to these crimes.
Based upon our review of the facts in this case, the applicable case authority, and the transcript of the plea proceedings, we cannot conclude the trial court erred because the court's inquiry, which could be more complete,[1] substantially complied with Crim.R. 11, and satisfied the requirements of the constitution as interpreted in Boykin v. Alabama, and State v.Stewart, supra.
As Justice Corrigan stated in State v. Griffey(1973), 35 Ohio St.2d 101, where the court quoted with approval the trial court examination in that case,[2] "The path to a conviction of the defendant, by trial or by the acceptance of a plea of guilty, was not intended to be an obstacle course: justice is not a game."
We, of course, recognize that "rote recitation" or "parroting" of a rule is not necessary. See United States v. Brogan(1975), 579 F.2d 28; State v. Stewart, supra,(where the court stated the absence of a ritualistic incantation of an admonishment which is not constitutionally guaranteed does not establish grounds to vacate a plea where a trial court failed to personally advise the defendant that by entering a plea to murder he would not be eligible for probation).
Thus, the relevant inquiry remains that of substantial compliance with Crim.R. 11. State v. Stewart, supra; State v.Nero(1990), 56 Ohio St.3d 106; State v. Shields
(1997), 119 Ohio App.3d 807; State v. Scott(1996),113 Ohio App.3d 401. After a complete review of the record here and applicable case authority, we have concluded the trial court substantially complied with Crim.R. 11. Therefore, the assignment of error in this case is not well taken, and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________ JAMES PORTER, ADMINISTRATIVE JUDGE CONCURS IN JUDGMENT ONLY WITH CONCURRING OPINION ATTACHED
 __________________________________ TERRENCE O'DONNELL, JUDGE
 __________________________________ PATRICIA A. BLACKMON, JUDGE
N.E. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).
[1] A more thorough inquiry, however, could include at a minimum, the following preliminary questions:
What is your name?
Where do you live?
Are you married or single?
How many children do you have?
How old are you?
How many grades of school have you completed?
Are you able to read and write English?
Are you employed?
What are your means of income?
Are you a citizen of the United States?
 Are you under the influence of drugs or alcohol such that you do not understand what is happening here today?
Are you presently on probation or parole?
 Are you satisfied with the representation of your defense counsel in this case?
 Next, a substantive explanation of Crim.R. 11 could include the following questions:
 Do you understand that in the case before this court you have the right to a trial by jury and the right to be represented by counsel at trial?
 Do you further understand you may waive your right to a trial by jury and have the case tried to the court?
 Do you understand that your counsel may cross examine witnesses the state calls to testify against you, and your counsel may use the subpoena power of the court to compel people to come to court and testify for you at trial?
 Do you understand that you have the right to require the state to prove your guilt beyond a reasonable doubt, and that no one may force you to testify against yourself? Do you understand that a plea of guilty is a complete admission of your guilt and that by entering that plea, you waive, or give up all of the rights which I have indicated to you? Do you understand the offense(s) to which you are desirous of pleading guilty carries with it the following penalty: (state the statutory penalty for each offense)?
 Do you further understand that this offense is (is not) probationable?
 Do you understand that upon acceptance of this plea, the court may proceed with judgment and sentence you at this time or may refer you to the probation department for a presentence investigation report?
 Has anyone, including the prosecutor, your defense counsel, or the court made any promises, threats, or inducements to you in an effort to cause you to plead guilty or has anyone made any representations to you as to the outcome of the sentencing in this case?
 Do you understand what the prosecutor and your defense counsel have related to me and what I have explained to you on this record?
Do you have any questions about what has transpired?
 How do you plead to this offense (or specification) as contained in the indictment (as amended by the prosecutor)? Guilty or Not Guilty?
 Is this plea voluntarily entered of your own free will? And is it entered with your understanding of the nature of the charge and the maximum penalty as I have explained it to you in this record?
 If the defendant answers in the affirmative, then the court should make a finding on the record that the plea is knowingly, intelligently, and voluntarily entered with an understanding of the nature of the charge and the maximum penalty.
 The court should then make a finding of guilt as to the specific charges and nolle the appropriate counts in the indictment. At that point the court may refer the matter for a presentence report or proceed with sentencing as dictated by the facts of the case.
While the foregoing questions could be adapted to conform to particular case facts or circumstances, they should not be considered as necessarily dispositive on the Crim.R. 11 issue; other judicial inquiry or further discussion based upon answers given by a defendant may be required.
[2] The transcript of the trial court examination in State v. Griffey reads as follows:
 "Mr. Carson [assistant prosecuting attorney) : John W. Griffey, your Honor.
 "If it please the court, this is case No. 92, 504, State of Ohio v. John W. Griffey.
 "The defendant, your Honor, stands before this court charged under a two count indictment for violation of Revised code 2913.01. The defendant is present in court with his attorney, Mr. James Carnes; and it is my understanding that the defendant is desirous of withdrawing any and all not guilty pleas heretofore entered and enter a plea of guilty to the second count of the indictment.
 "If that plea is forthcoming, it is the recommendation of the prosecutor's office that the first count of the indictment be nolled.
 "The Court: 2913.01 is forgery. Mr. Carnes, is that your understanding? Answer just yes or no.
"Mr. Carnes: Yes, it is.
"The Court: Mr. Griffey, how old are you?
"The Defendant: Thirty-one.
"The Court: What work do you do?
"The Defendant: I work in a factory.
"The Court: How long?
"The Defendant: Three and a half years.
"The Court: Married man?
"The Defendant: Married, yes, sir.
"The Court: How much schooling have you had?
"The Defendant: High school.
 "The Court: Has counsel, Mr. Carnes, explained to you the facts and circumstances surrounding your pleading guilty to the second count of the indictment?
 "The Defendant: Yes, sir. "The Court: You understand, sir, that you have a right to trial by jury?
"The Defendant: Yes.
 "The Court: You can waive a jury and have your case tried to this court, you understand that?
"The Defendant: Yes, sir.
 "The Court: You understand that the prosecutor is obligated to prove your guilt beyond a reasonable doubt?
"The Defendant: Yes, sir.
 "The Court: You understand the crime to which you are pleading guilty is a felony and you may be incarcerated?
"The Defendant: Yes, sir.
 "The court: May I presume that you are entering this plea of your own free will?
"The Defendant: Yes, sir.
 "The Court: Nobody has made you any promises or offered you any inducements in pleading guilty?
"The Defendant: No, sir.
"The Court: I presume, Mr. Griffey, that is the case?
"The Defendant: Yes, sir.
"The Court: You are not on probation or parole?
"The Defendant: No, sir.
 "The Court: Understanding all these things is it still your wish to plead guilty?
"The Defendant: Yes, sir.
 "The Court: Case No. 92, 504, State of Ohio v. John W. Griffey, how do you plead to the charge of uttering a forged instrument as contained in the second count of this indictment?
"The Defendant: Guilty.
 "The Court: The court will accept your plea of guilty to the second count of the indictment.
"Mr. Carson: What is your pleasure as to the first count?
 "Mr. Carson: It is the recommendation of the prosecutor at this time and the first count of the indictment will be nolled.
 "The Court: The court will accept the recommendation of the prosecutor at this time and the first count of the indictment will be nolled.
 "Mr. Carnes: Before the court passes sentence in this matter, I respectfully request that the defendant be referred to the probation department for a presentence report and that the defendant be allowed to continue on the same bond.
 "I am sure that the defendant will make himself available to the probation department and the court at any time in the future.
"The Court: I will grant your request, sir.
 "The record will reflect that the defendant is referred to the probation department for a presentence report. The defendant will be released on the same bond.
"Mr. Carnes: Thank you."
 It is our conclusion that this dialogue clearly establishes that the defendant's guilty plea was voluntarily, knowingly and intelligently made, and that this seasoned defendant understood the nature of the charge against him and the consequences of his entering a plea of guilty.
* * *
Griffey, 35 Ohio 5t.2d at 106-08.