OPINION
Defendant-Appellant, Steven W. Kafer brings this appeal from a judgment of the Crawford County Common Pleas Court finding him guilty of five counts of telecommunications harassment. For the reasons set forth in the following opinion, we reverse the trial court's judgment.
In November 2000, the Crawford County Grand Jury returned an indictment charging Appellant with five counts of telecommunications harassment, in violation of R.C. 2917.21, a fifth-degree felony. This indictment arose from numerous obscene phone calls made between August and October 2000.
At Appellant's arraignment, he informed the trial court that he could not afford an attorney and that he wished to proceed without counsel and enter a plea of guilty. The trial court accepted Appellant's plea, and thereafter sentenced Appellant to the maximum term of twelve months imprisonment for each count of the indictment, to be served consecutively, for a total of five years incarceration. This appeal followed, where Appellant claims that his guilty plea was not made voluntarily and that he was improperly sentenced.
Appellant presents the following assignments of error, which we will address out of order:
Assignment of Error 2
 The trial court erred by failing to inquire fully into the circumstances of Appellant to determine whether his waiver of his right to counsel was made knowingly, voluntarily, and intelligently.
 Assignment of Error 3
 The trial court erred in failing to fully inquire of Appellant as to his supposed waiver of his right to an attorney, which resulted in consideration of incomplete or inaccurate information and Appellant being thereby improperly sentenced.
Because Appellant's second and third assignments of error address related issues, we shall consider them together.
An individual's right to representation by counsel is fundamental.[1]
It is the trial court's duty to inquire fully into the circumstances surrounding an accused's claimed inability to obtain counsel and his resulting need for assistance in employing counsel, or for the assistance of court-appointed counsel.[2]
Furthermore, in felony prosecutions such as this, the Criminal Rules require that a waiver of counsel must be in writing.[3] An accused that is unable to obtain counsel must have counsel appointed or make a written, knowing, intelligent and voluntary waiver. No imprisonment may be imposed absent such waiver or without counsel.[4]
During Appellant's arraignment, the following dialogue took place between Appellant and the trial court:
 Court:You have a right to a lawyer. If you cannot afford a lawyer, the Court will appoint a lawyer.
Appellant: Can't afford one.
Court: Do you want one?
Appellant: No.
Court: What?
Appellant: No.
Court: You want to proceed today then and enter a plea?
Appellant: Yeah, I guess.
This constitutes the entire dialogue between the court and Appellant as to his representation by counsel. The trial court made no attempt to inquire fully into the circumstances surrounding Appellant's claimed inability to obtain counsel and his resulting need for the assistance of court-appointed counsel. The record further demonstrates that the trial court did not inquire into the circumstances of the case before concluding that Appellant could proceed without counsel. And, the record fails to demonstrate that Appellant waived his right to counsel in writing.
Accordingly, Appellant's second and third assignments of error are well taken and are therefore sustained.
Assignment of Error 1
 The trial court erred in accepting the guilty plea and sentencing Appellant when the court failed to insure that Appellant knew the range of sentences possible, including post-release incarceration and sanctions.
 Appellant argues in this assignment that the trial court did not substantially comply with Crim.R. 11(C). We agree.
Crim.R. 11(C)(2) requires that prior to accepting a guilty plea, the trial court must, engage in a dialogue with the accused and determine that he understands, among other things, the nature of the charges, the maximum penalty involved, the effect of his plea, and the rights that he is waiving.[5]
In order to comply with Crim.R. 11(C)(2), the trial court must determine whether the defendant fully comprehends the ramifications of his guilty plea.[6] As such, the trial court is required to engage in an oral dialogue with the defendant so that the court may determine fully his understanding of the consequences of his plea of guilty.[7]
In accepting a plea of guilty, the trial court need only substantially comply with the mandates of Crim.R. 11(C).[8]
The Ohio Supreme Court, has defined substantial compliance to have occurred when the accused "subjectively understands the implications of his plea," and stated that the test is "whether the plea would otherwise have been made."[9]
In the present case, while the pre-sentence investigation report demonstrates that Appellant only completed the ninth grade in the developmentally handicapped class, and that his IQ places him in the range of mild retardation, it is not evident from the record that the trial court was aware of these facts at any time prior to sentencing. Nonetheless, the transcript of the entire arraignment and plea proceedings barely consists of three typewritten pages, of which one page was devoted to bond considerations. The trial court herein utterly failed to do more than ask Appellant if he wanted an attorney appointed, rapidly recite the Crim R. 11(C)(2)(c) rights, inform Appellant that the maximum he sentence he could get was twelve months, and accept his plea of guilty. At no time did the trial court clearly inform Appellant that he faced a total maximum period of incarceration of five years as a result of these convictions. The record further demonstrates that the trial court failed to advise Appellant of potential post release control sanctions. This is not the "meaningful dialogue" that is required to ensure that an accused knowingly, intelligently and voluntarily enters a plea of guilty. Given the totality of the circumstances, it cannot be said that Appellant subjectively understood the amount of time he could be required to serve as a result of his guilty plea. Given clear and understandable advisement, we cannot say that it is likely that Appellant would have pled guilty to the offenses. Therefore, the trial court did not substantially comply with the mandates of Crim.R. 11(C).
Consistent with the foregoing, we cannot find that, under the totality of the circumstances, Appellant knew and understood the implications of his guilty plea. Accordingly, Appellant's first assignment of error is well taken and is therefore sustained.
Assignment of Error 4
The trial court erred in sentencing Appellant to maximum consecutive sentences.
R.C. 2929.14(E)(4) governs a trial court's ability to order consecutive sentences. R.C. 2919(B)(2)(c) provides that the trial court shall impose a sentence and make findings giving its reasons for selecting the sentence imposed, and if it imposes consecutive sentences, it must provide reasons for imposing the consecutive sentences.
The standard of review of sentences for this court to apply is provided in R.C. 2953.08(G)(1). By this mandate, we are not to apply an abuse of discretion standard, but, instead, we are charged to affirm a sentence imposed unless we clearly and convincingly find that " the record does not support the sentencing court's findings, * * * [or] the sentence is otherwise contrary to law."[10]
For the reasons that follow, we find that the record herein does not support the sentencing court's findings and that therefore, consecutive sentences are contrary to law.
Ohio felony sentencing law demonstrates that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13, and 2929.14 determine a particular sentence.[11] A trial court must recite the factors set forth in R.C. 2929.12 (B), (C), (D), (E) deemed relevant in making its sentencing determination.[12] After such a list has been made, "the trial court must explain how an analysis and a weighing of those factors support an imposition of the maximum prison sentence as allowed under R.C. 2929.14(C)."[13] Merely reciting that it has considered the matters required by the sentencing statutes is not sufficient.[14]
The trial court must strictly comply with the relevant statutes by making these findings on the record at the sentencing hearing.[15] A sentence that is unsupported by the aforementioned findings is "both incomplete and invalid."[16]
In the present case, the record of the sentencing hearing indicates that the trial court wholly failed to recite the factors set forth in R.C. 2929.12 deemed relevant in sentencing Appellant. Further, that record fails to demonstrate that the trial court engaged in any analysis or weighing of these factors that would support its imposition of a maximum sentence. Instead, the judgment entry merely states that the trial court had considered the relevant factors in sentencing Appellant.
Although the trial court did recite some applicable statutes in its judgment entry, it failed to mention at hearing whether any findings were made in connection with the statutes relevant to consecutive sentences. Moreover, the court, at hearing, failed to provide specific reasons for its decision to impose consecutive sentences. As such, the trial court's sentence is incomplete and invalid.
Accordingly, Appellant's fourth assignment of error is well taken and is therefore sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed. Appellant's plea of guilty is vacated and this matter is remanded for further proceedings consistent with this opinion.
BRYANT and HADLEY, JJ., concur.
[1] Argersinger v. Hamlin (1972), 407 U.S. 25, 37, 92 S.Ct. 2006,2012, 32 L.Ed.2d 530.
[2] State v. Tymcio (1975), 42 Ohio St.2d 39, paragraph three of syllabus.
[3] Crim.R. 44(C).
[4] State v. Stone (1990), 69 Ohio App.3d 383, 388, quotingArgersinger, supra.
[5] Crim.R. 11(C)(2).
[6] State v. Shields (1997), 119 Ohio App.3d 807, 811.
[7] Id., citing State v. Caudill (1976), 48 Ohio St.2d 342.
[8] Shields, supra at 811.
[9] State v. Nero (1990), 56 Ohio St.3d 106, 108.
[10] R.C. 2953.08(G)(1).
[11] State v. Martin (1999), 136 Ohio App.3d 355, 362.
[12] Id., citing State v. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported.
[13] Martin, supra at 362.
[14] Id.
[15] State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59, 1-98-60, unreported.
[16] Id. See also Martin, supra at 362.